**GULF FLORIDA TERMINAL CO. et al.,
Plaintiffs-Appellees,**

v.

**INTERSTATE FIRE & CASUALTY CO.,
Defendant-Appellant.**

**No. 28162.**

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1970.

Rehearing Denied April 7, 1970.

---

James O. Davis, Jr., Glos & Davis, Margaret Deaton, Tampa, Fla., for defendant-appellant.

L. Robert Frank, Richard W. Reeves, Allen, Dell, Frank & Trinkle, Tampa, Fla., for plaintiffs-appellees.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

This is an appeal of a judgment in a non-jury case, involving a marine insurance policy.

The Defendant insurance company issued policy No. 1 (U–30–009108) to cover several vessels owned by Sun Marine Service, Inc.; the appellee, Gulf Florida Terminal is the assignee of the proceeds payable under the policy. One of the vessels covered was the tug Leebo. The insurance policy was issued for the term of one year—May 1, 1965 to May 1, 1966. On December 17 there was an explosion in the galley resulting in damage to the tug. On the following day its owners obtained a survey from a qualified marine surveyor. He found that this damage approximated $18,000. Partial repairs were made at a cost of $1,990.85. An informal demand was im-mediately filed for the full loss. Terminal made formal claim on May 11.

On June 1, 1966, Interstate had its own survey made which showed damages of $9,500. On this same date, Interstate issued to Sun Marine policy No. 2 (U–30–009571) effective May 1, 1966 to May 1, 1967. This was a valued policy for $50,000. It was stated to be a revival of policy No. 1.

On June 12, 1966, the earlier claim not having been paid, the tug sank in deep water and was never recovered. Upon receipt of a claim, Interstate paid the $50,000 for the loss. Interstate thereafter denied liability for the $18,000 claim, relying on the following provision in policy No. 2:

"If, during the term covered by *this* policy, the vessel becomes a total loss by a peril insured against or otherwise, there shall be no liability under *this* policy for any unrepaired damage sustained prior to such loss."

Plaintiff sued Interstate on policy No. 1 *not* on the policy that was in effect at the time of the total loss. Therefore, this provision does not prevent a recovery for a loss occurring during the time of policy No. 1.

There is no dispute as to the fact that the record supports the correctness of the amount of the claim.

There is no merit in the contention that since the owners of the Leebo did not actually pay out the sums for repairs that this policy did not require payment, the insurer arguing that the policy was one of indemnity only. We conclude that it makes no difference what the policy was called, it required the insuror to compensate the owner for the damage covered by the policy whether actually repaired or not. We need look no further than the definitions of indemnity quoted in appellant's brief[1] to satisfy us of the correctness of the trial court's judgment.

The judgment is affirmed.

---

[1]. Appleman, Insurance Laws and Practice, Vol. 4 § 2107; Black's Law Dictionary: "The term is also used to denote a compensation given to make the person whole from a loss already sustained."